```
                                          JUDICIAL PANEL ON
                                          MULTIDISTRICT LITIGATION
                                                FILED
            THE JUDICIAL PANEL
                   ON                         JUN 21 1971
          MULTIDISTRICT LITIGATION
                                          PATRICIA D. HOWARD
                                          CLERK OF THE PANEL
```

IN RE GOVERNMENT AUTO FLEET     )
SALES ANTITRUST LITIGATION      )          DOCKET NO. 65

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

   This matter is before the Panel pursuant to its order directing the parties to the actions listed on Schedule A to show cause why those actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. Responses were received from all interested parties and a hearing was held in Washington, D.C. to hear argument on the proposed transfer. The parties seem to agree that, with one exception,[1] these cases share common

---

*   Judges Edward Weinfeld and Stanley A. Weigel were unable to attend the hearing in this matter but, with the consent of all parties, have participated in this decision.

[1]   All parties agree that the *Merit Motors Case* (a case brought by an automobile dealer *opposed* to discounts to commercial fleet purchasers) should not be included with the actions brought by states and other government entities urging that governmental fleet discounts should be *reinstated*. Although there may be some overlapping discovery, we do not believe that the inclusion of this case would promote the just and efficient conduct of this litigation and it will not be included in this transfer order. If a substantial number of cases of this type are filed they may be appropriate for treatment under §1407.

questions of fact and that the convenience of the parties and their witnesses would be served by transferring them to a single district. The disagreement among the parties relates to the method of transfer and to the selection of the transferee district.

All plaintiffs strongly urge the immediate transfer of all pending cases to the Southern District of New York for coordinated or consolidated pretrial proceedings with the cases originally filed in that district. The defendants do not oppose transfer under section 1407 but would prefer to have all related cases transferred to a single district, preferably the Eastern District of Michigan, *for all purposes* under 28 U.S.C. §1404(a). They have therefore filed section 1404(a) motions in each of the districts in which these actions are now pending and they urge us to postpone our decision until these motions are decided. The defendants suggest that a favorable ruling on the motion filed in the New York cases could lead the way to the transfer of all cases to one district for all purposes under section 1404(a).[2/] That possibility no longer exists for the two judges who have ruled on their 1404(a) motions have

---

[2/] Defendants urge the Panel's decision in the *Deering-Milliken Patent Litigation*, ___ F. Supp. ___ (JPML 1970) supports their position. It is true that we declined to order transfer under section 1407 in the *Deering-Milliken Cases* because there appeared to be a real possibility that the multidistrict aspect of that litigation would be eliminated by transfers under section 1404(a) and in fact it was. However the circumstances there were wholly unlike those present in the cases now before us.



- 3 -

denied them.³/

Since all parties agree that there are many substantial and complex questions of fact common to all of these cases, a detailed analysis of them will not be necessary. Prior to 1970, the three major domestic automobile manufacturers, Ford, Chrysler and General Motors, offered discounts to volume purchasers of motor vehicles. The automobile dealers generally opposed fleet discounts contending that they, not the fleet purchasers, should be receiving the manufacturers lowest price. The plaintiffs assert that in the spring of 1970, each of the three major automobile manufacturers, allegedly in response to pressures brought by the Nation Automobile Dealers Association, ended their discounts to government fleet buyers.

Each of the plaintiffs allege, in substantially similar language, that the defendants have engaged in a combination and conspiracy to reduce competition in governmental fleet sales. Injunctive relief and treble damages are sought. As in most multidistrict private treble damage antitrust litigation, the existence, scope and effect of the conspiracy involve factual matters common to all cases. *In re Concrete Pipe Cases*, 302 F. Supp. 244 (JPML 1969).

---

3/   Judge John Morgan Davis denied the motion to transfer the *City of Philadelphia Case* on March 18, 1971 and Chief Judge George H. Boldt denied the motion to transfer the *State of Washington Case* on May 13, 1971.

- 4 -

The plaintiffs make a strong argument for transfer to the Southern District of New York while the defendants, relying on their 1404(a) pleadings, make a strong argument for transfer to the Eastern District of Michigan. The defendants contend that any conspiracy involving the domestic automobile manufacturers would be centered in Detroit and that the relevant documents and witnesses would be located there. More significantly they point out that a federal grand jury investigation was commenced there on the subject of fleet pricing policies and that the New York plaintiffs have sought many of the same documents which will have to be produced for the grand jury.

The plaintiffs favor the Southern District of New York primarily because many of the actions were filed there and because some discovery has already taken place in those actions. They also point out that the defendants have offices in New York and that certain of the witnesses whose depositions will undoubtedly be taken have their offices in the defendants' New York headquarters.

Both arguments have some merit but neither is compelling. While it is true that certain relevant documents have been produced in Detroit pursuant to a grand jury subpoena, and may have to remain there, there is no reason why the documents cannot be inspected there and, if authorized, copies made for use by the parties. The fact that none of these actions (or any tag-along cases that we are aware of) were filed in the Eastern District of Michigan and that none of plaintiffs' counsel have offices in

Detroit would cause the plaintiffs substantial inconvenience if pretrial proceedings were held in that District.$^{4/}$ Defendants' attempt to support their choice of transferee court by pointing out that many of their employers will undoubtedly have to be deposed and that such deposition should take place in the Detroit area. We certainly agree that depositions should generally be taken where the witness resides but this can be done regardless of which District is selected as the transferee court. In short, the fact that certain documents and witnesses are located in the Detroit area does not compel the transfer of these cases to the Eastern District of Michigan.

The situation is similar with regard to the documents and witnesses located in New York City. The documents can be inspected in New York, or copies can be made and sent to a more convenient location, and the local witnesses can be deposed there regardless of the district to which these cases are transferred.$^{5/}$ Although some discovery has taken place in New York, it is not of such a magnitude as to justify the transfer of these cases to the Southern District of New York.

---

4/ The court might also experience some difficulty if there were no "local counsel" for plaintiffs who could serve as liaison counsel and distribute orders and notices for the court. See *Manual for Complex and Multidistrict Litigation*, §1.9.

5/ Upon request of the transferee judge, the Panel will assign a judge or judges to supervise deposition in Detroit, New York and wherever they are needed. See *Manual for Comples and Multidistrict Litigation*,§2.32.

- 6 -

It seems apparent that this litigation is in its early stages. Actions have been commenced by at least twelve states and two cities.[6/] They were filed in four different districts from Washington to New York. It is quite likely that other similar actions will be filed by other states in other districts and as this litigation becomes more national in scope the justification for transferring the cases to the Southern District of New York or any other East Coast location will diminish. With national litigation of this type it is sometimes necessary to transfer the cases to a more central location. *In re Butterfield Patent Litigation*, ___ F. Supp. ___ (JPML 1970). The Northern District of Illinois has many advantages over the districts proffered by the parties. It is centrally located and is easily accessible from all parts of the country. The action filed there has been assigned to one judge for all purposes and under that court's practice all related actions filed in or transferred to that District will be assigned to him.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A (with the exception of the *Merit Motors Co. Case)* are hereby transferred to the Northern District of Illinois and with the consent of that court, assigned to the Honorable Frank J. McGarr for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.

---

6/    Two of these cases: *State of Connecticut, etc. v. General Motors Corp., et al.*, N.D. Ill. No. 71 C 830 and *State of Colorado v. General Motors Corp., et al.*, S.D.N.Y. No. 71 Civ. 1216 were filed too late to be included in the show cause and hearing orders and are not covered by this order

DOCKET NO. 65                                                    SCHEDULE A

## DISTRICT OF COLUMBIA

1. Merit Motors, Inc., et al. v. Chrysler Corporation,   Civil Action
   et al.                                                No. 2000-70

## EASTERN DISTRICT OF PENNSYLVANIA

2. City Of Philadelphia, Pennsylvania v. General         Civil Action
   Motors Corporation, et al.                            70-2753

## SOUTHERN DISTRICT OF NEW YORK

3. The State of Oklahoma v. General Motors Corporation,  Civil Action
   et al.                                                70 Civ 4246

4. The State of Texas v. General Motors Corporation,     Civil Action
   et al.                                                70 Civ 4247

5. The State of Arizona v. General Motors Corporation,   Civil Action
   et al.                                                70 Civ 4248

6. The State of Florida v. General Motors Corporation,   Civil Action
   et al.                                                70 Civ 4249

7. The State of Iowa v. General Motors Corporation,      Civil Action
   et al.                                                70 Civ 4250

8. The State of Vermont v. General Motors Corporation,   Civil Action
   et al.                                                70 Civ 4251

9. The City of New York, et al. v. General Motors,       Civil Action
   et al.                                                70 Civ 4245

10. The State of Louisiana v. General Mortors Corpora-   Civil Action
    tion, et al.                                         70 Civ 5385

11. The State of Alabama v. General Motors Corporation,  Civil Action
    et al.                                               70 Civ 5697

12. The State of Missouri v. General Motors Corporation, Civil Action
    et al.                                               70 Civ 5756

## WESTERN DISTRICT OF WASHINGTON

13. State of Washington v. General Motors Corporation,   Civil Action
    et al.                                               4233

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC -5 1972

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE GOVERNMENT AUTO FLEET    )
SALES ANTITRUST LITIGATION     )    DOCKET NO. 65

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

In our initial opinion and order in this litigation we concluded that twelve treble damage antitrust actions, each asserting a conspiracy among the defendant automobile manufacturers to eliminate discounts previously offered to state and local governments as volume purchasers of motor vehicles, should be transferred to a single district for pretrial proceedings. We selected the Northern District of Illinois as the transferee district because of its central location and easy accessibility. In re Government Auto Fleet Sales Antitrust Litigation, 328 F. Supp. 218 (J.P.M.L. 1971).

The three actions listed on Schedule A contain similar allegations of a conspiracy to eliminate discounts to volume purchasers of automobiles. The plaintiffs in these actions, however, are not state and local governments

---

\*   Judge Alfred P. Murrah took no part in the consideration
     or decision of this matter.

but taxicab companies and automobile rental and leasing companies who seek to recover for all other commercial fleet operators pursuant to Rule 23, Fed. R. Civ. P. Defendants General Motors and Ford have moved for the transfer of these actions to the Northern District of Illinois for coordinated or consolidated pretrial proceedings with the previously transferred cases. Defendant Chrysler and the plaintiffs agree that the three actions should be transferred to a single district for pretrial proceedings, but urge that they be kept separate from the government fleet cases by transfer to a district other than the Northern District of Illinois. After reviewing the briefs and hearing argument on the matter, we order the actions transferred to the Northern District of Illinois.

Each of the defendant automobile manufacturers apparently operated two separate discount programs, one for government purchasers and one for commercial fleet operators. And each manufacturer apparently terminated or altered the government fleet program by announcements in late April and early May 1970 and the commercial fleet program by announcements in late May 1970. Chrysler and the plaintiffs emphasize the differences in the terms of the programs and in their termination dates as support for their contention that coordinated or consolidated pretrial proceedings separate

- 3 -

from those in the government cases are necessary. These differences in the cases are outweighed, however, by their common features.

Although the method of allowing discounts varied, it appears that the operation of the two programs was interrelated and Ford and General Motors assert that many of the same executives were involved in both operations. And the plaintiffs themselves rely on this commonality by alleging that the announcement of the discontinuance of government fleet discounts was made to verify each manufacturer's desire to agree to the joint elimination or reduction of commercial fleet discounts. For this reason the parties to each case will be interested in inspecting many of the same documents and interviewing many of the same witnesses as the parties to the government fleet cases.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Northern District of Illinois for pretrial proceedings before Judge Frank J. McGarr with the other actions in this litigation previously transferred by the Panel.

Schedule A                                      Docket No. 65

## Southern District of New York

Major Service Co., Inc., et al.           Civil Action
v. Ford Motor Co., et al.                 No. 72 Civ. 2340

## Southern District of Florida

Zilber Taxi Service, Inc.
v. General Motors Corporation,            Civil Action
et al.                                    No. 72-914

## District of Columbia

Auto Discount Rent-N-Drive
Systems, Inc., v. General Motors          Civil Action
Corporation, et al.                       No. 1380-72